UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERALD L. FERREYRA, )
)
Plaintiff, )
)
v. ) Civil Case No. 09-1606 (RJL)
)
FRATERNAL ORDER OF POLICE )
LEGAL PLAN, INC. *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(July 26, 2010) [#6, #12, #13]

Plaintiff, Gerald L. Ferreyra ("Ferreyra"), brings this action against Fraternal Order of Police Legal Plan, Inc. (the "FOP Legal Plan") and Keenan & Associates, Inc. ("Keenan & Associates," and together with the FOP Legal Plan, the "defendants"), seeking a declaratory judgment, permanent injunction, and reimbursement for defense costs pursuant to Employment Retirement Income Security Act of 1974 § 1132(a)(1)(B). Before the Court are the defendants' Motions to Dismiss Counts I and II. For the following reasons, the defendants' motions are GRANTED.

## BACKGROUND

Plaintiff is a law enforcement officer with the U.S. Park Police in Washington, D.C. 1st Am. Compl. ("Compl.") ¶ 3. On May 29, 2009, Ferreyra was involved in an altercation with a taxi driver. *Id.* ¶¶ 10-11. Plaintiff was arrested at the scene for simple assault. *Id.* ¶ 12. On June 12, 2009, the U.S. Attorney's Office initiated a criminal

misdemeanor case against Ferreyra in D.C. Superior Court. *See id.*; *United States v. Ferreyra*, No. 2009 CMD 012897 (D.C. Super. Ct. filed June 12, 2009).[1] The criminal case was dismissed on December 14, 2009, for want of prosecution but was reopened on January 26, 2010. On June 1, 2010, Ferreyra pled not guilty and asserted his right to trial.

Ferreyra is a participant of the FOP Legal Defense Plan (the "Plan"), an employee plan offered by FOP Legal Plan to members of the Fraternal Order of Police that provides "legal defense of a criminal action or proceeding brought against a Participant, arising directly out of the Participant's activities in the scope of law enforcement employment." Compl. ¶ 8 (quoting Plan Brochure, Mar. 6, 2008, at 1-2). Keenan & Associates is the benefits administrator for the Plan and is responsible for reviewing and approving claims for benefits. *Id.* ¶ 5. On July 8, 2009, Ferreyra submitted a claim to Kennan & Associates for the cost of the legal defense of his criminal case. *Id.* ¶ 13. His claim was denied. *Id.* On July 15, 2009, Ferreyra appealed the denial of coverage to FOP Legal Plan, and his claim was denied again on July 21, 2009. *Id.* ¶ 14. This civil action followed on August 24, 2009.

## ANALYSIS

Defendants move to dismiss Counts I and II pursuant to Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss shall be granted if a plaintiff fails "to state a claim upon

---

[1] A court may consider documents incorporated into the complaint by reference and matters of which a court may take judicial notice without converting a motion to dismiss into one for summary judgment. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (stating that if a court has determined that a plaintiff has asserted "well-pleaded factual allegations," the court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). Unfortunately for Ferreyra, even taking as true all of the allegations in his amended complaint, Counts I and II must both be dismissed. How so?

In Count I, plaintiff asks this Court to issue a determination "that Officer Ferreyra's actions were authorized and required by his employment, and therefore under the express terms of the Legal Defense Plan, Officer Ferreyra acted within the scope of his employment and is entitled to coverage under the Legal Defense Plan." Compl. ¶ 18. Both defendants argue that Ferreyra's request for such a declaratory judgment should be dismissed because it would interfere with an ongoing state criminal prosecution. I agree.

"The strictures against federal court interference with state criminal investigations and prosecutions are well-established." *Rockwell Int'l Corp. v. United States*, 723 F. Supp. 176, 178 (D.D.C. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 49 (1971)). "[A] federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent

immediate irreparable injury." *Samuels v. Mackell*, 401 U.S. 66, 69 (1971); *see also Perez v. Ledesma*, 401 U.S. 82, 86 n.2 (1971) (citing *Samuels* for the proposition that "interference with pending state criminal prosecutions by declaratory judgments is subject to the same restrictions curbing federal interference by injunction"). In this case, by asking for a declaratory judgment that his actions during the confrontation with the taxi driver were authorized and within the scope of his employment, plaintiff is seeking to have this Court validate and enforce what is likely to be his primary defense in the ongoing criminal case. The plaintiff has not made a showing of irreparable harm that would justify federal interference with the state criminal process. Thus, because such a declaration would constitute prohibited interference with the prior-filed state prosecution, the Court cannot grant plaintiff the relief that he seeks. Count I, therefore, must be dismissed.

In Count II, plaintiff seeks a permanent injunction against the defendants, to enjoin them from denying him coverage for his legal defense in his criminal case. Compl. ¶ 20. Both defendants respond by pointing out that plaintiff has already acknowledged that he has obtained defense counsel, rendering his claim for a permanent injunction moot. Defendants also argue that they are not law firms and, therefore, they cannot, by definition, deny a plan participant a legal defense. The Court agrees with the defendants. As plaintiff has acknowledged that he has obtained defense counsel, *see* Compl. ¶¶ 14, 22, any remedy that he seeks by injunction is already accomplished. Thus, absent any

immediate irreparable injury." *Samuels v. Mackell*, 401 U.S. 66, 69 (1971); *see also Perez v. Ledesma*, 401 U.S. 82, 86 n.2 (1971) (citing *Samuels* for the proposition that "interference with pending state criminal prosecutions by declaratory judgments is subject to the same restrictions curbing federal interference by injunction"). In this case, by asking for a declaratory judgment that his actions during the confrontation with the taxi driver were authorized and within the scope of his employment, plaintiff is seeking to have this Court validate and enforce what is likely to be his primary defense in the ongoing criminal case. The plaintiff has not made a showing of irreparable harm that would justify federal interference with the state criminal process. Thus, because such a declaration would constitute prohibited interference with the prior-filed state prosecution, the Court cannot grant plaintiff the relief that he seeks. Count I, therefore, must be dismissed.

In Count II, plaintiff seeks a permanent injunction against the defendants, to enjoin them from denying him coverage for his legal defense in his criminal case. Compl. ¶ 20. Both defendants respond by pointing out that plaintiff has already acknowledged that he has obtained defense counsel, rendering his claim for a permanent injunction moot. Defendants also argue that they are not law firms and, therefore, they cannot, by definition, deny a plan participant a legal defense. The Court agrees with the defendants. As plaintiff has acknowledged that he has obtained defense counsel, *see* Compl. ¶¶ 14, 22, any remedy that he seeks by injunction is already accomplished. Thus, absent any

immediate irreparable injury." *Samuels v. Mackell*, 401 U.S. 66, 69 (1971); *see also Perez v. Ledesma*, 401 U.S. 82, 86 n.2 (1971) (citing *Samuels* for the proposition that "interference with pending state criminal prosecutions by declaratory judgments is subject to the same restrictions curbing federal interference by injunction"). In this case, by asking for a declaratory judgment that his actions during the confrontation with the taxi driver were authorized and within the scope of his employment, plaintiff is seeking to have this Court validate and enforce what is likely to be his primary defense in the ongoing criminal case. The plaintiff has not made a showing of irreparable harm that would justify federal interference with the state criminal process. Thus, because such a declaration would constitute prohibited interference with the prior-filed state prosecution, the Court cannot grant plaintiff the relief that he seeks. Count I, therefore, must be dismissed.

In Count II, plaintiff seeks a permanent injunction against the defendants, to enjoin them from denying him coverage for his legal defense in his criminal case. Compl. ¶ 20. Both defendants respond by pointing out that plaintiff has already acknowledged that he has obtained defense counsel, rendering his claim for a permanent injunction moot. Defendants also argue that they are not law firms and, therefore, they cannot, by definition, deny a plan participant a legal defense. The Court agrees with the defendants. As plaintiff has acknowledged that he has obtained defense counsel, *see* Compl. ¶¶ 14, 22, any remedy that he seeks by injunction is already accomplished. Thus, absent any

claim upon which relief may be granted, Count II must also be dismissed.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS the defendants' Motions To Dismiss and DISMISSES Counts I and II of the Complaint. Furthermore, the Court DENIES AS MOOT Keenan & Associates's Motion to Strike Paragraph 15 of the Plaintiff's Complaint. An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge