UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD L. FERREYRA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-cv-1606 (RJL) |
| ) | |
| FRATERNAL ORDER OF POLICE ) | |
| LEGAL PLAN, INC. ) | **FILED** |
| ) | |
| Defendant. ) | **JUL 0 1 2014** |

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MEMORANDUM OPINION
(July _1_, 2014) [Dkt. #40, 42]

United States Park Police Officer Gerald L. Ferreyra brings this action against the Fraternal Order of Police Legal Plan, Inc., to challenge a denial of benefits pursuant to the enforcement provision of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Both parties move for summary judgment on the administrative record. Def.'s Mot. for Summ. J. on the Admin. R. [Dkt. #40]; Pl.'s Opp'n and Cross-Mot. for Summ. J. on the Admin. R. [Dkt. #42]. For the reasons described herein, defendant's motion is GRANTED and plaintiff's motion is DENIED.

BACKGROUND

Officer Ferreyra is a United States Park Police Officer. AR 0019 [Dkt. #40-2].[1] In the early morning hours of May 29, 2009, Officer Ferreyra was arrested for assaulting a taxi cab driver. Am. Compl. ¶ 12 [Dkt. # 18]; AR 0023.

---

[1] Citations to the administrative record, which was submitted as Dkt. #40-2, are denoted "AR."

1

Officer Ferreyra is a member of the Fraternal Order of Police. AR 0019. The Fraternal Order of Police offers its members the opportunity to participate in a self-funded legal plan ("FOP Legal Plan") to reimburse certain legal defense costs. AR 0001-0004. Participating members elect coverage of costs connected to administrative, civil, and/or criminal proceedings arising out of "activities in the scope of law enforcement employment." AR 0002-0003.

In particular, election of criminal coverage provides reimbursement for the "legal defense of a criminal action or proceeding brought against a Participant, arising directly out of the Participant's activities in the scope of law enforcement employment, including grand jury proceedings." AR 0003. By the terms of the FOP Legal Plan Description, "'In the scope of employment' means all activities of a Participant while on duty in connection with Employment, and all law enforcement activities authorized or required by the Participant's Employment, whether on duty or technically off duty." AR 0007. Members may also elect "Optional Off-Duty Administrative Coverage," which covers "off-duty occurrences which result in administrative discipline or sanction when conduct is NOT 'in the scope of employment', as defined in the FOP Legal Plan Description booklet." AR 0002; *see also* AR 0011.

Keenan & Associates, Inc., ("Keenan & Associates") serves as the FOP Legal Plan's Benefit Administrator. AR 0008. As Benefit Administrator, Keenan & Associates is responsible for, among other duties, reviewing and approving or disapproving claims for benefits. *Id.* Plan participants are directed to notify Keenan & Associates promptly if they are involved in a situation that may give rise to a claim. AR 0015-0016. Keenan &

Associates then makes a decision on the claim within 90 days. AR 0016. If a claim is denied, it provides the participant with a written statement indicating the reasons for the denial. *Id.* A participant whose claim has been denied can appeal to the Board of Trustees of Legal Plan, Inc. ("the Board"), which issues a final decision within 60 days. *Id.* The Plan gives the Board "absolute discretion" over "[i]nterpretation of Plan provisions . . . including but not limited to the determination of facts, coverage, benefits, eligibility, and all other Plan provisions." AR 0015; *see also* AR 0004.

Officer Ferreyra is a participant in the FOP Legal Plan. AR 0019. He elected Administrative, Civil, and Criminal coverage, but did *not* elect Off-Duty Administrative coverage. *Id.* On July 7, 2009, Officer Ferreyra submitted a claim for benefits to Keenan & Associates. AR 0020. When asked on the FOP Legal Plan's Claim Reporting Form to "specifically describe the incident leading up to the claim presented for review," Ferreyra stated, "Altercation with taxi driver. See Police Reports attached." *Id.* The attached police reports indicated the following:

The event occurred at 3:24 in the morning of May 29, 2009. AR 0023. A taxi driver was sitting inside his cab at a red light at the intersection of 24th St. and Pennsylvania Ave, NW, Washington D.C. *Id.* Officer Ferreyra approached the taxi and kicked it, then tried to open the passenger door while yelling a profanity. *Id.* Officer Ferreyra took the taxi driver's clipboard out of the vehicle and threw it to the ground before walking toward the driver's side door. *Id.* The driver tried to exit his vehicle and run away, but Officer Ferreyra stopped him and punched him twice—once in the face and once in the left shoulder. *Id.* Officer Ferreyra, along with a companion, walked away

3

toward his car, but the taxi driver called 911 and blocked in Officer Ferreyra's vehicle. *Id.* Law enforcement responded and Officer Ferreyra was placed under arrest. *Id.* Two witnesses corroborated the taxi driver's story. *Id.* The typed police report includes a space for the defendant's version of the events and simply states, "NONE." AR 0023.

On July 9, 2009, Keenan & Associates denied Officer Ferreyra's claim, explaining in a letter that "[t]he reason is because Officer Ferreyra was off duty at the time of the incident and does not carry the OFF DUTY coverage." AR 0025. The letter advised Officer Ferreyra of his ability to appeal and invited him to submit "any additional information which might affect or clarify coverage" as part of an appeal. *Id.*

On July 15, 2009, Officer Ferreyra appealed to the Board via a letter from his attorney. AR 0027. Officer Ferreyra argued that he "was acting within the scope of his law enforcement requirements" and, as a U.S. Park Police officer, is "considered [a] law enforcement officer[] 24 hours a day, 7 days a week with multiple authorized jurisdictions." *Id.* The appeal letter offered a recounting of the incident that differed from the police report Officer Ferreyra had submitted previously. *Id.* In the letter, Officer Ferreyra said that he and his friend had unintentionally bumped into the rear of a taxi while it was stopped in a crosswalk. *Id.* The taxi driver threw his clipboard out of the taxi, almost hitting Officer Ferreyra, and pursued Officer Ferreyra in his vehicle when the officer tried to walk away. *Id.* After cutting off Officer Ferreyra, the taxi driver exited his vehicle, shouting. *Id.* Officer Ferreyra identified himself as a police officer and told the driver to get back in his vehicle, but the driver did not comply. AR 0028. The driver instead approached Officer Ferreyra and kicked him in the chin. *Id.* "[A]n

4

altercation ensued." *Id.* The taxi driver followed Officer Ferreyra in his vehicle as the officer attempted to leave the scene. *Id.* Officer Ferreyra tried to reach his car to gather his phone and handcuffs, but the taxi driver blocked Officer Ferreyra's vehicle with his own. *Id.* "Another altercation ensued." Officer Ferrerya did not submit any supporting documentation in addition to his appeal letter.

On July 21, 2009, the Board denied Officer Ferrerya's appeal via a letter sent by Keenan & Associates. AR 0029. It again stated that "Officer Ferreyra was off duty at the time of the incident," further explaining that "Officer Ferreyra [sic] actions were not directly related to the course and scope of his employment." *Id.*

Officer Ferrerya now appeals the Board's denial of benefits. After this Court dismissed two of Officer Ferreyra's original claims, *see Ferreyra v. Fraternal Order of Police Legal Plan, Inc.*, Civ. No. 09-1606, 2010 WL 2933579 (D.D.C. July 26, 2010), only the claim to recover benefits due from FOP Legal Plan remains, *see* Am. Compl. ¶¶ 21-22. The parties cross-move for summary judgment on the administrative record.[2] Def.'s Mot. for Summ. J.; Pl.'s Opp'n and Cross-Mot. for Summ. J.

## STANDARD OF REVIEW

Officer Ferreyra brings this suit pursuant to ERISA's enforcement provision, 29 U.S.C. § 1132(a)(1)(B), which allows a benefit plan participant to bring a civil action to recovery benefits due. *See* Am. Compl. ¶ 22. Courts generally review ERISA denial of benefits cases *de novo*. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

---

[2] Officer Ferreyra moved for leave to file a sur-reply to the defendant's reply brief. Mot. for Leave to File a Sur-Reply [Dkt. #45]. Leave is granted and Pl.'s Sur-Reply to Def.'s Reply Brief [Dkt. #45-2] has been considered in the disposition of this matter.

However, if a "benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," deferential review is appropriate. *Id.* "In cases where the administrator or fiduciary has been given discretionary authority, the standard of review to be applied by a court has been 'variously described by the [Supreme] Court as "arbitrary and capricious" or "abuse of discretion,"' but regardless of how it is phrased, the standard to be applied 'is plainly deferential.'" *James v. Int'l Painters & Allied Trades Indus. Pension Plan*, 710 F. Supp. 2d 16, 23 (D.D.C. 2010) (quoting *Wagener v. SBC Pension Benefit Plan–Non–Bargained Program*, 407 F.3d 395, 402 (D.C. Cir. 2005) (alteration in original)); *see also Block v. Pitney Bowes Inc.*, 952 F.2d 1450, 1454 (D.C. Cir. 1992) (explaining the ambiguity and applying a standard of "reasonableness"); *Pettaway v. Teachers Ins. & Annuity Ass'n of Am.*, 699 F. Supp. 2d 185, 198-99 (D.D.C. 2010) *aff'd*, 644 F.3d 427 (D.C. Cir. 2011) (applying an abuse of discretion standard).

To determine whether the administrator or fiduciary has been granted the relevant discretion, courts look to the plan documents. *Costantino v. Wash. Post Multi-Option Benefits Plan*, 404 F. Supp. 2d 31, 38 (D.D.C. 2005). Plan documents need not use the word "discretion" or any other "magic word." Instead, the Court is "to focus on the breadth of the administrators' power" to determine eligibility for benefits or interpret the plan. *Block*, 952 F.2d at 1453; *see also James*, 710 F. Supp. 2d at 23-24 (citing *Block* and *Firestone* and directing the court to look for "empowering language").

Here, the FOP Legal Plan documents give both the administrator (Keenan & Associates) and the fiduciary (the Board) discretionary authority in interpreting and

applying the plan. As Benefit Administrator, Keenan & Associates has the power to "review [and] approve or disapprove claims for benefits," AR 0008, and must explain the reasoning behind its denials, AR 0016. The discretion inherent in this task is even more readily apparent when contrasted with Keenan & Associates' non-discretionary duty to "administer and pay claims." AR 0008.

More important, since this Court is reviewing the final decision, the Board has discretion. According to the Plan Description, "[t]he construction and interpretation of Plan provisions are vested with the Board in its absolute discretion, including but not limited to the determination of facts, coverage, benefits, eligibility and all other Plan provisions." AR 0015; *see also* AR 0004 ("Interpretation of Plan provisions, including coverages and benefits, is vested exclusively in the Plan's Board, in its absolute discretion."). "The Board's constructions, interpretations, determinations and decisions shall be final, conclusive and binding on all persons having an Interest in the Plan." AR 0015.

This is precisely the sort of "empowering language" that entitles the Board's decision to deferential review. *See Block*, 952 F.2d at 1452-53 (finding similar language sufficient to establish discretionary authority); *James*, 710 F. Supp. 2d at 23 (same). Accordingly, I must and will review the Board's denial of Officer Ferreyra's claim with deference.[3]

---

[3] Officer Ferreyra argues that the appropriate standard of review is *de novo*, because the Board's determination that Officer Ferreyra's actions were outside the scope of his employment is a question of law here given that the facts are undisputed. Pl.'s Opp'n and Cross-Mot. for Summ. J. at 4. However, the facts presented to the Board *were* disputed—the police reports and Officer Ferreyra's appeal letter

7

## ANALYSIS

Although there is some ambiguity as to whether the appropriate deferential standard is abuse of discretion review or arbitrary and capricious review, I need not resolve it. "The essential inquiry here, in short, is . . . : Did the [the administrator and the Board] reasonably construe and apply the [FOP Legal] Plan in [Officer Ferreyra]'s case?" *Block*, 952 F.2d at 1454. The "Court must not overturn a decision found to be reasonable, even if an alternative decision also could have been considered reasonable." *Id.* at 1452 (internal quotation marks omitted). "A decision will be found to be reasonable if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Buford v. UNUM Life Ins. Co. of Am.*, 290 F. Supp. 2d 92, 100 (D.D.C. 2003) (internal quotation marks omitted).

Officer Ferreyra makes much of the fact that Keenan & Associates and the Board found him to be "off duty" when denying his claims. Pl.'s Opp'n and Cross-Mot. for Summ. J. at 9-12. To the extent Officer Ferreyra argues that stating "off duty" as the reason for the denial is unreasonable because "U.S. Park Police Officers are considered law enforcement officers 24 hours a day, 7 days a week," his argument fails. *Id.* at 5, 9. Although Officer Ferreyra is correct that police officers in D.C. are "'held to be always on duty' and are required to take police action when crimes are committed in their presence," *Lande v. Menage Ltd. Pshp.*, 702 A.2d 1259, 1261-62 (D.C. 1997), that is different from *actually* being on duty. The D.C. Municipal Regulation underlying

---

presented two different accounts—and the Board's discretion to interpret the meaning of "in the scope of employment" as defined in the FOP Legal Plan Description is unchallenged.

8

Officer Ferreyra's claim recognizes that officers "may be technically off duty," though they are still held to their "responsibility of taking proper police action in any matter coming to their attention requiring that action." 6A DCMR § 200.4. Indeed, Officer Ferreyra's cited case, Lande, quotes District of Columbia v. Coleman, which specifically acknowledges the distinction between when an officer is "*actually* on duty (as opposed to merely being "held to be" on duty in his spare time)." *District of Columbia v. Coleman*, 667 A.2d 811, 818 n.11 (D.C. 1995)

The structure of the FOP Legal Plan recognizes and incorporates the difference between being on duty and technically off duty, as well as the responsibilities that cannot and should not be abdicated while technically off duty. Its civil, criminal, and administrative coverages apply to all actions "in the scope of employment," AR 0002, which can occur either while an officer is on duty or while he is technically off duty. AR 0007. Optional off-duty administrative coverage applies when an officer is technically off duty and not acting in the scope of employment. AR 0002. There is no coverage for criminal proceedings arising out of conduct that was *not* performed in the scope of employment, and Officer Ferreyra does not argue to the contrary.

Officer Ferreyra effectively concedes that he was not on his assigned shift at the time of the altercation and therefore was technically off duty. AR 0027 (noting that "Officer Ferreyre [sic] was not on his regular tour"). Thus, Officer Ferreyra's eligibility for coverage turns on whether his off duty actions were conducted "within the scope of his employment"; if so, he is entitled to criminal coverage despite his off-duty status. Unfortunately for Officer Ferreyra, however, he never indicated or argued to Keenan &

Associates that he was on duty or within the scope of his employment. He merely presented the police reports at the initial stage in the process. AR 0020-24. In evaluating the police reports—which mention nothing about Officer Ferrerya identifying himself as a police officer, attempting to reach his handcuffs, or anything else related to police activity—Keenan & Associates was reasonable to conclude that Officer Ferreyra was off duty and had not conducted any authorized police activities that would bring his actions under the scope of coverage.

Officer Ferreyra did argue on appeal, however, to the Board that he was on duty and acting within the scope of his employment. AR 0027-28. And the Board, in turn, determined that Officer Ferreyra's actions were not in the scope of his employment. AR 0029. Thus, the relevant question for this Court is whether that conclusion was reasonable. For this determination, the FOP Legal Plan was confined to considering "in the scope of employment" as defined in the plan description: "'In the scope of employment' [here] means . . . all law enforcement activities authorized or required by the Participant's Employment, whether on duty or technically off duty." AR 0007.

Officer Ferreyra, not surprisingly, argues that his conduct was within the scope of his employment because it involved him "identifying himself as a police officer, issuing police orders which were ignored, and attempting to reach his handcuffs to initiate an arrest." Pl.'s Opp'n and Cross-Mot. for Summ. J. at 5 (citing AR 0027-0028); *see also id.* at 10 ("Here, Officer Ferreyra stated that he identified himself as a police officer and ordered the cabbie back into his car, then attempted to go to his car to obtain his handcuffs to effectuate an arrest after having a clipboard thrown at him, and being kicked

in the shin."). He had jurisdiction to make an arrest and maintains that he was "involved in police action." *Id.* at 12-13.

In contrast, the FOP Legal Plan argues that Officer Ferreyra was technically off duty and his actions were neither authorized nor required by his employment. Def.'s Mem. in Support of its Mot. for Summ. J. at 1-2, 13-14. After all, "[t]here is nothing in the FOP Legal Plan that provides coverage for Participants assaulting individuals in any capacity, on or off duty." *Id.* at 13.

The administrative record contains two separate accounts of the facts: the police reports' and Officer Ferreyra's. Although many of the facts are undisputed, there are discrepancies, and the two versions place the incident in starkly different lights, as described above. The police officer's reports—which Officer Ferreyra apparently considered accurate enough to rely on as the sole support for his initial benefits claim, AR 0020—were written by an independent party and note that two additional witnesses agreed with the taxi driver's recounting of the events. AR 0023. Officer Ferreyra's version of the facts, submitted via a letter from his attorney, is uncorroborated and self-interested, and offered for the first time only after his initial claim was denied. AR 0027-0028. It was thus reasonable for the Board to credit the police reports.

Nor was it unreasonable for the Board to determine that Officer Ferreyra's actions were not "activities authorized or required by [his] Employment."[4] There is sufficient

---

[4] Although the Board was tasked with interpreting "in the scope of employment" in accordance with the FOP Legal Plan's definition, not the common law, the D.C. Court of Appeals' decision in *District of Columbia v. Coron* is informative as to what D.C. law authorizes its law enforcement officers to do, and reinforces the notion that the Board was not unreasonable in determining that Officer Ferreyra's actions were beyond the scope of his employment. *See District of Columbia v. Coron*, 515 A.2d 435, 437-38

support in the record for the position that Officer Ferreyra assaulted the taxi cab driver for personal reasons entirely unrelated to his employment as a law enforcement officer. The victim and two witnesses claim that Officer Ferreyra was the instigator of the incident, which included Officer Ferreyra swearing at the taxi cab driver and punching him in the face and shoulder. AR 0023.

Officer Ferreyra also argues that the Board abused its discretion in denying his claim because it had approved a claim arising out of what he calls "a nearly identical factual predicate" involving Park Police Officer James E. Littlejohn. Pl.'s Opp'n and Cross-Mot. for Summ. J. at 6. In his appeal letter to the Board, Officer Ferreyra stated, "This case is virtually identical to that of Park Police Officer James E. Littlejohn in which coverage was provided," but did not submit any underlying documentation regarding the Littlejohn claim or elaborate on how the two cases were similar. AR 0028. Officer Ferreyra now offers the docket in Officer Littlejohn's criminal case as well as other documentation that indicates that his coverage claim was granted. Pl.'s Opp'n and Cross-Mot. for Summ. J., Exs. A-C [Dkt. #42-1]. FOP Legal plan argues that this additional documentation should not be considered because it was not part of the administrative record upon which the Board denied Officer Ferrerya's claim. Def.'s Reply Brief at 11-12 [Dkt. #44]; *see Doe v. Mamsi Life & Health Ins. Co.*, 471 F. Supp. 2d 139, 146 n.2 (D.D.C. 2007) (explaining that "where, as here, the Court is reviewing a benefits

---

(D.C. 1986) ("[F]rom the moment Guidotti stopped his automobile he did not handle the situation in a manner expected of a police officer. Guidotti's entire behavior during this incident reflected that of an individual bent on personal vengeance for a perceived personal affront.").

determination under a deferential standard, it typically may consider only the evidence in the administrative record") (citing *Block*, 952 F.2d at 1455).

Whether or not this Court considers the additional documents is of no matter, because they do not include any relevant information beyond what clearly *was* in the administrative record—Officer Littlejohn's claim for benefits was approved. There is no evidence in either the administrative record or the record Officer Ferreyra is attempting to make before this Court that even begins to explore the facts of Officer Littlejohn's case. *See* Pl.'s Opp'n and Cross-Mot. for Summ. J., Exs. A-C. Instead, Officer Ferreyra apparently wants the Court to rely upon his representations of those facts as made in his opposition brief. Pl.'s Opp'n and Cross-Mot. for Summ. J. at 6-7. There, Officer Ferreyra asserts that the facts are "nearly identical" and that "the prior case is well known to the Defendant" because it made the determination to cover Officer Littlejohn under the FOP Legal Plan. *Id.* at 6. Officer Ferreyra then goes on to describe the "facts" underlying Officer Littlejohn's claim, but even if this Court were to take him at his word, the events described differ sufficiently from the police reports in this case such that it would not have been an abuse of discretion to reach different conclusions regarding benefit eligibility in the two cases.[5]

---

[5] Officer Ferreyra argues for the first time in his sur-reply brief that the FOP Legal Plan has a conflict of interest. Pl.'s Sur-Reply at 2. A conflict of interest in ERISA denial of benefits cases is "weighed as a factor in determining whether there is an abuse of discretion." *Firestone*, 489 U.S. at 115 (internal quotation marks omitted). Because it was made for the first time in a reply brief, this argument is waived. *See Lindsey v. District of Columbia*, 879 F. Supp. 2d 87, 95 (D.D.C. 2012); *see also United States v. Van Smith*, 530 F.3d 967, 973 (D.C. Cir. 2008). Although Officer Ferreyra states, "In its Reply Brief, the Defendants argue that *Firestone* requires this Court to utilize the abuse of discretion standard of review," Pl.'s Sur-Reply at 2, the FOP Legal Plan first made the argument in its opening brief, Def.'s Mem. in Support of its Mot. for Summ. J. at 9-11. Officer Ferreyra had ample opportunity to argue that there is a

## CONCLUSION

For the foregoing reasons, the Fraternal Order of Police Legal Plan, Inc.'s Motion for Summary Judgment on the Administrative Record [Dkt. #40] is GRANTED, and Officer Ferreyra's Cross-Motion for Summary Judgment on the Administrative Record [Dkt. #42] is DENIED. An appropriate order shall accompany this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

conflict of interest in his initial opposition and chose not to do so. Presenting the argument in a sur-reply gives FOP Legal Plan no opportunity to respond. Accordingly, I do not consider this argument.
    Even if I did consider Officer Ferreyra's argument that there is a conflict of interest, it is unlikely to alter my conclusion that there was no abuse of discretion and the Board's denial was reasonable. First, Officer Ferreyra would have to demonstrate that there is, in fact, a conflict of interest. Although the Board makes the final coverage decisions and pays out the claims, it is a self-funded non-profit organization, AR 0003, 0007, 0016, and it is not clear from the record that the Board would benefit from paying out less in claims the way a for-profit company would. *See Cagle v. Bruner*, 112 F.3d 1510, 1516 (11th Cir. 1997). Nor has Officer Ferreyra demonstrated a history of biased claims administration *see Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008); the *Littlejohn* case he refers to is distinguishable on its facts, as described above. Finally, even if there were a conflict, the third party administrator—which does not pay out benefits and is not conflicted—reached the same conclusion and denied Officer Ferreyra's claim, which would counsel against any conflict being a deciding factor.